798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold POWELL, Plaintiff-Appellant,
v.
Herman C. DAVIS, Capt. Marvin Smith, John Watkins, Ross
Bates, Bill Howell, David Mills, Lt. Clement, Sgt. Wilson,
Sgt. Jimmy Williams, Ray Greer, Bill Harber, Sandra Hunt,
and Diane Robertson, Lynda Cutlip, Neal Ga, Gary Sellers,
James Becker, John Bates, Defendants-Appellees.
 No. 85-5586.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1986.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Powell appeals pro se from the district court's order dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint, Powell was a prisoner at the Fort pillow Prison Farm in Henning, Tennessee. The defendants are prison officials. Powell filed a long, rambling complaint containing many allegations. After various proceedings, the district court held a hearing at which Powell was present.
 
 
 3
 The district court then entered its order dismissing the , case. The court held that the prison officials did not use excessive force in light of all of the circumstances when they handcuffed and shackled Powell to take him to a parole hearing. Lewis v. Downs, 774 F.2d 711, 713 (6th Cir. 1985). The court held that Powell's allegations concerning the loss of his property were barred because he had adequate state remedies. Parratt v. Taylor, 451 U. S. 527, 540-41 (1981). Finally, the court held that Powell did receive adequate informal notice and hearing during the prison's disciplinary actions against him. Hewitt v. Helms, 459 U.S. 460, 476 (1983). We agree with these conclusions of the district court.
 
 
 4
 Powell's complaint can also be construed to state a claim that he was improperly transferred between Tennessee prisons without just cause. The general rule is that there is no constitutional right requiring the state to place a prisoner in any particular prison. Meachum v. Fano, 427 U.S. 215, 224 (1976). We have also examined the Tennessee statutes and regulations, and we find no state law establishing such a liberty interest.
 
 
 5
 The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.